

# The Attorney General of Texas

December 6, 1977

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4814 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Gibson D. Lewis
Committee on Intergovernmental
   Affairs
House of Representatives
Austin, Texas 76111

Opinion No. H- 1100

Re: Election of chairman
of the Texas Historical
Commission.

Dear Representative Lewis:

You have requested our opinion regarding the election
of a chairman of the Texas Historical Commission. Article
6145, V.T.C.S., provides, in section 3:

> The Commission shall hold regular meet-
> ings in January, April, July, and October
> of each year. On the first scheduled
> meeting after the effective date of this
> Act, the Commission shall select a chair-
> man, vice-chairman, and secretary from
> its members, who shall serve until the
> January 1975 meeting and thereafter the
> Commission shall select a chairman, vice-
> chairman, and secretary from its member-
> ship at each January meeting in odd num-
> bered years. The Commission may hold such
> other meetings at such other times and
> places as shall be scheduled by it in
> formal sessions and as shall be called by
> the chairman of the Commission. The
> Commission shall have authority to prom-
> ulgate such rules and regulations as it
> shall deem proper for the effective ad-
> ministration of the provisions of this
> Act.

You state that the chairman selected in January, 1977, died
shortly thereafter. The vice-chairman then became acting
chairman, but the Commission subsequently held a special
election to fill the vacancy, and selected another individual
as chairman. You ask whether it was authorized to do so.

p. 4512

Although it is specifically empowered to select officers only in January of odd-numbered years, article 6145 also authorizes the Commission "to promulgate such rules and regulations as it shall deem proper for the effective administration of the provisions of this Act."  In Attorney General Opinion H-955 (1977) at 4, we held that, "absent legislative direction," the Texas Youth Council could "reduce the term of its chairman, and . . . restrict the number of successive terms an individual may serve as chairman." (Emphasis in original).  Article 6145 likewise does not address the question of vacancies among officers. In our opinion, the absence of legislative direction regarding this contingency, when considered together with the rule-making power of the Commission, furnishes sufficient basis for the Commission to promulgate a regulation providing for a special election to fill the unexpired term of an officer.

In our view, such a rule may be made applicable to the term of the present chairman.  Attorney General Opinion H-955 (1977).  In the absence of such a rule, however, we believe that the vice-chairman should continue to serve as acting chairman.

### S U M M A R Y

The Texas Historical Commission may promulgate a rule providing for a special election to fill a vacancy in the office of chairman, and may make it applicable to the term of the present chairman.  In the absence of such a rule, the vice-chairman should serve as acting chairman.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst